United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD FITCH, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>         Defendant. | Case No. 22-cv-03590-DMR<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 28 |

The court has reviewed the parties' July 7, 2023 joint discovery letter in which Defendant Nationwide Mutual Insurance Company moves to compel Plaintiffs Todd Fitch and Kristin Fitch, Trustees of the Todd Fitch and Kristin D. Fitch Revocable Trust Dated September 2, 2004 to respond to two requests for production (RFPs). [Docket No. 28.]

A central dispute in this action is whether Defendant violated the terms of the applicable insurance policy by "imposing . . . non-existent conditions on Plaintiffs' entitlement to Loss of Use benefits" allegedly due under the policy. *See* Jt. Letter 3; Compl. ¶¶ 19-20. The RFPs at issue seek documents related to Defendant's interpretation of the policy. Plaintiffs dispute the relevance of the discovery on the ground that Defendant's interpretation is incorrect. *See* Jt. Letter 3-4. However, pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" based on several factors. Neither side addresses the relevance and proportionality of the RFPs in terms of the Rule 26(b)(1) factors. In fact, Defendant exclusively relies on California cases regarding relevance and burden even though Rule 26(b) governs the scope and limits of discovery. Moreover, the interpretation of the policy is best determined on the merits and on a full record at summary judgment, and not as part of a discovery

1  dispute.[1] Accordingly, the joint letter is denied without prejudice. The parties shall immediately
2  meet and confer, including discussing the relevance and proportionality of the RFPs under Rule
3  26(b)(1). If disputes remain after meeting and conferring, the parties shall file a joint letter in
4  accordance with the undersigned's Standing Order. Going issue-by-issue, the joint letter shall
5  describe each unresolved issue, summarize each party's position with appropriate legal authority,
6  and provide each party's final proposed compromise before moving to the next issue.

**IT IS SO ORDERED.**

Dated: July 12, 2023



IT IS SO ORDERED
Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu

---

[1] Notably, Plaintiffs distinguish authorities that Defendant purportedly relies on in support of its interpretation of the policy, even though Defendant does not discuss these authorities at all in its portion of the joint letter. This suggests that the parties are not effectively communicating about the policy interpretation dispute, let alone discovery related to that issue.